1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ANGEL C.L.,<br><br>                    Petitioner,<br><br>          v.<br><br>KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; SERGIO ALBARRAN, Field Office Director of the San Francisco Immigration and Customs Enforcement Office; TONYA ANDREWS, Facility Administrator, Golden State Annex,<br><br>                    Respondents. | No.  1:25-cv-01883-KES-EPG (HC)<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION**<br><br>Doc. 2 |

**BACKGROUND**

Petitioner Jose Angel C.L. is a 57-year-old noncitizen who has been continuously present in the United States since 1998.  Doc. 1 at ¶ 18.  His wife and two children are U.S. citizens.  *Id.*  He has worked as a machine operator with the same company for the past twenty years.  *Id.*  Petitioner was convicted of several criminal offenses while in the United States in 1993, but those convictions were vacated in 2023.  *Id.* ¶¶ 19, 21.  Petitioner recently applied to adjust his status to that of a lawful permanent resident.  *Id.* ¶¶ 22–23.

On November 25, 2025, when he appeared for an interview with United States Citizenship and Immigration Services ("USCIS") in connection with his application for adjustment of status,

1

Immigration and Customs Enforcement ("ICE") agents arrested him.  Doc. 1 at ¶¶ 23–24.  The agents stated that they had a warrant, but they refused to show the warrant to petitioner's attorney.  *Id.* ¶ 24; Doc. 1-1, Ex. E, Uribe Decl. at ¶ 5.  Petitioner has since been detained at Golden State Annex, a detention facility in McFarland, California.  Doc. 1 at ¶ 12.

Several months before his detention, the Department of Homeland Security ("DHS") issued a policy which provides that noncitizens who entered the United States without admission or parole are "applicants for admission" and therefore subject to 8 U.S.C. § 1225(b), a statutory provision which mandates detention.  Doc. 1 at ¶ 39.  In *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), the Board of Immigration Appeals agreed with DHS's new reading of the statute.  *Id.* ¶ 40.  On December 10, 2025, an immigration judge found that petitioner was subject to section 1225(b)(2)(A) and was therefore ineligible for release on bond.  Doc. 1-1, Ex. B.

On December 16, 2025, petitioner filed a petition for writ of habeas corpus, Doc. 1, and a motion for temporary restraining order, Doc. 2.  In count one of the petition, petitioner argues that his detention under 8 U.S.C. § 1225(b)(2)(A) violates the Immigration and Nationality Act and the immigration judge erred in concluding that he was detained under that provision.  *See* Doc. 1 at ¶¶ 51–53; Doc. 2 at 11–15.  Petitioner requests that the Court order his release or order respondents to provide him with a bond hearing under 8 U.S.C. § 1226(a).  *See id.* at 21.

The Court ordered respondents to show cause why the Court should not grant petitioner's motion for temporary restraining order as to count one of the petition, and specifically directed respondents to address whether any provisions of law or fact in this case would substantively distinguish it from the Court's prior orders in *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and other similar cases previously decided by this Court, or indicate the matter is not substantively distinguishable.  Doc. 4.  Respondents filed a response to the order to show cause on December 19, 2025.  Doc. 5.  Respondents maintain their position that petitioner is subject to 8 U.S.C. § 1225(b)(2)(A) but state that they are "not aware of any material substantive difference between those cases and this case."  *Id.* at 2.

1      **CONVERSION OF THE MOTION**

2          The Court's order to show cause directed respondents to state their position on whether

3      the motion for temporary restraining order should be converted to a motion for preliminary

4      injunction and to indicate whether they requested a hearing on the motion.  Doc. 4.  Respondents

5      state that they do not oppose converting this matter into a motion for preliminary injunction and

6      do not request a hearing.  *See* Doc. 5 at 1 n.2.  Given that the standard for issuing a temporary

7      restraining order and preliminary injunction is the same, *see Stuhlbarg Int'l Sales Co. v. John D.*

8      *Bush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001), and respondents had notice and opportunity to

9      respond in opposition, *see* Docs. 12, 16, petitioner's motion is converted to a motion for

10     preliminary injunction.

11     **LEGAL STANDARD**

12          "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

13     the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

14     balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v.*

15     *Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "Likelihood of success on the merits is a

16     threshold inquiry and is the most important factor."  *Simon v. City & Cnty. of San Francisco*, 135

17     F.4th 784, 797 (9th Cir. 2025) (quoting *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th

18     Cir. 2020)).  "[I]f a plaintiff can only show that there are serious questions going to the merits—a

19     lesser showing than likelihood of success on the merits—then a preliminary injunction may still

20     issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter*

21     factors are satisfied."  *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014)

22     (internal quotation marks and citations omitted).

23     **DISCUSSION**

24          The Court has previously addressed the legal issues raised by petitioner's first claim in

25     cases such as *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910 (E.D.

26     Cal. Sept. 23, 2025), and *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL

27     3013328 (E.D. Cal. Oct. 27, 2025).  Respondents confirm in their response to the order to show

28     cause that the present case is not substantively distinguishable from those cases, and respondents

1    do not identify any distinguishing facts or legal arguments on the detention issues.  *See* Doc. 5.[1]

2           Therefore, for the reasons stated in *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO

3    (HC), 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025), and *J.A.C.P. v. Wofford*, No. 1:25-CV-

4    01354-KES-SKO (HC), 2025 WL 3013328, at *2–7 (E.D. Cal. Oct. 27, 2025), the Court finds

5    that petitioner is likely to succeed on his claim that 8 U.S.C. § 1225(b)(2)(A) does not apply to

6    him, that he will face irreparable harm in the absence of a preliminary injunction, and that the

7    balance of equities and public interest weigh in his favor.  The Court will order the same relief as

8    in those cases.  *See Lepe*, 2025 WL 2716910, at *10; *J.A.C.P.*, 2025 WL 3013328, at *8.

9    / / /

10   / / /

11   / / /

12   / / /

13   / / /

14   / / /

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23

24

---

[1] In addition to the relief granted in *Lepe* and *J.A.C.P.*, petitioner also requests that the Court enjoin respondents from placing him on an ankle monitor or other electronic monitoring device as a condition of release.  *See* Doc. 2 at 21.  Respondents argue that this component of petitioner's requested relief should be denied.  Doc. 5 at 2.  As petitioner does not identify any legal authority supporting his request that respondents be enjoined from placing him on an ankle monitor or other electronic monitoring device, and he makes this request only in summary fashion in his conclusion, petitioner has failed to carry his burden as to this specific requested relief.

1

**ORDER**

2    Based on the foregoing, petitioner's motion for preliminary injunction, Doc. 2, is

3 GRANTED.  The Court ORDERS that respondents release petitioner immediately.  If the

4 government seeks to re-detain petitioner, it must provide no less than seven (7) days' notice to

5 petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to

6 section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must

7 be considered.

8    The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived.  Courts

9 regularly waive security in cases like this, and the government has not established a need to

10 impose a security bond.

11    This matter is referred to the assigned magistrate judge for further proceedings including

12 the preparation of findings and recommendations on the petition or other appropriate action.[2]

13

14 IT IS SO ORDERED.

15    Dated:   December 21, 2025

16                                                    UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

_____

26 [2] Respondents request to hold further briefing deadlines on the petition in abeyance pending the
Ninth Circuit's decision in *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025),
27 *appeal docketed*, No. 25-6842 (9th Cir. Oct. 29, 2025).  As this matter is being referred to the
assigned magistrate judge for further proceedings, the magistrate judge may consider
28 respondents' request in determining when to schedule further briefing on the petition.

5